IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | 08 cr257 |
| v. | |
| KEVIN KAMENSKI, | ELECTRONICALLY FILED |
| Defendant. | |

### SENTENCING MEMORANDUM

AND NOW, comes the Defendant, Kevin Kamenski, by and through his attorney, PATRICK K. NIGHTINGALE, ESQUIRE, who brings the within Sentencing Memorandum, and in support thereof sets forth the following:

1. On September 26, 2008, Defendant, Kevin Kamenski (hereafter Defendant) waived indictment and entered a plea to one count of Wire Fraud codified at 18 U.S.C. §1349. Sentencing is scheduled for November 22, 2011.

2. The parties have stipulated that the loss amount attributable to Defendant is $250,000.00 and that his conduct for sentencing guidelines purposes generated losses between $200,000.00 and $400,000.00.

3. The advisory Guidelines range as set forth in the Pre-Sentence Report are 21 – 27 months based on an offense level of 16 and a criminal history score of I.

### THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. §3553 SUPPORT A SENTENCE BELOW THE ADVISORY GUIDELINES RANGE

4. Paragraphs 1 – 3 are incorporated as though set forth at length herein.

5. Pursuant to *Booker v. United States,* 125 S.Ct. 738 (2005), the Sentencing Guidelines are merely advisory, and a sentencing court shall be guided by the factors set forth in

18 U.S.C. 3553(a)[1] Section 3553(a) places on equal footing the sentencing guidelines, the nature and circumstances of the offense and history of the defendant, the need for the sentence reflecting the seriousness of the offense, the need to protect the public, adequate deterrence and effective correctional treatment for a defendant. Although these factors overlap with the grounds for potential guidelines departures, a court is not precluded from considering these factors instead of or in addition to those potential grounds for departures. *See United States v. King*, 454 F.3d 187, 194-95 (3d Cir. 2006.) Following, *United States v. Booker*, 543 U.S. 220 (2005), the district court must impose a sentence in accordance with the factors set forth in 18 U.S.C. § 3553(a), of which the "advisory United States Sentencing Guidelines [the "guidelines"] are one factor to consider." *United States v. Cooper,* 437 F. 3d 324 (3d Cir. 2006). Post-Booker, "discretionary sentences not based on some specific guidelines departure [are] known as 'variances.'" *United States v. Vampire Nation*, 451 F. 3d 189, 195 fn. 2 (3d Cir. 2006). The district court must give meaningful consideration to all of the section 3553 sentencing factors and state on the record logical reasons for the sentence that are consistent with the factors. *Id*. at 196.

---

[1] **(a) Factors To Be Considered in Imposing a Sentence.—** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
**(2)** the need for the sentence imposed—
    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    **(B)** to afford adequate deterrence to criminal conduct;
    **(C)** to protect the public from further crimes of the defendant; and
    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
**(3)** the kinds of sentences available;
**(4)** the kinds of sentence and the sentencing range established for—
    **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        **(i)** issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and
        **(ii)** that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or
    **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28);

6. The calculation of the correct guideline range is only the first step in the process of post-Booker sentencing. As the Third Circuit recently set forth in *United States v. Tomko*, 498 F.3d 157 (3d Cir. 2007):

> Our post-Booker precedent instructs district courts to follow a three-step sentencing process: (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker; (2) in doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre- Booker case law, which continues to have advisory force; and (3) finally, they are required to "exercise [their] discretion by considering the relevant [3553(a)] factors," *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines. See generally *United States v. King*, 454 F.3d 187 (3d Cir. 2006).

*Tomko,* 498 F.3d at 163 n.6.

7. The Third Circuit has also rejected the presumption of reasonableness for within-guidelines sentences, *United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006); therefore the court may vary from the guidelines for reasons which, pre-Booker, would not have supported a departure. *See, e.g.*, *United States v. Colon*, 474 F.3d 95, 99 (3d Cir. 2007) (a district court need not rely on departure factors to sentence a defendant outside the guidelines range).

8. In *Rita v. United States*, 551 U.S. 338 (2007), the Supreme Court held that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Moreover, a guidelines sentence is not a presumptive sentence, "[o]therwise, as several Courts of Appeals have concluded, we would come close to restoring the mandatory nature of the guidelines excised in Booker." *United States v. Cooper*, 437 F.3d at 331. The Court must consider each relevant §3553(a) factor and reasonably apply the factors to the circumstances of the case. Id. at 329-30. The Court need not make findings as to each factor "if the record makes clear the court took the factors into accounts at sentencing," *id.*, but must address any meritorious ground raised by the prosecution or defense. *See also United States v. Manzella*, 475 F.3d 152 (3d Cir. 2007).

9. In *Gall v. United States*, 552 U.S. 38 the Court rejected any requirement of "extraordinary circumstances" as a justification for a downward variance from the guidelines' range as "not consistent with our remedial opinion in *United States v. Booker*." Slip. Op. at 6-7, (citation omitted). The Court explained that this approach "come[s] too close to creating an impermissible presumption of unreasonableness for sentences outside the Guideline range." *Id*. at 8. Requiring "extraordinary circumstances" to justify a below guidelines sentence would impermissibly elevate the guidelines above the other factors articulated in 18 U.S.C. § 3553. The Court in *Gall* also emphasized the broad discretion of the district court in imposing sentence. *Id*. at 598-97. "[T]he district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party, and then . . . make an individualized assessment based on the facts presented." *Id*.

10. Ultimately, the Court's task is to determine a sentence that is sufficient, but not greater than necessary, to comply the purposes set forth in 18 U.S.C. § 3553(a).

11. Turning to the instant matter, Defendant believes and, therefore, avers that the sentencing factors set forth in §3553 support the Defendant's request for a below Guidelines sentence.

12. Section 3553(a)(2) provides that the sentence imposed should:

   **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   **(B)** to afford adequate deterrence to criminal conduct;
   **(C)** to protect the public from further crimes of the defendant; and
   **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

*Id.*

13. Turning to the first factor, Defendant respectfully submits that a sentence below the advisory guidelines will reflect the seriousness of the offense, promote respect for the law

and provide just punishment for the following reasons:

   a. The instant offense is Defendant's one and only involvement with the criminal justice system. Defendant's conduct has been published in local newspapers causing significant embarrassment to Defendant and his family, especially his wife who is employed as a librarian with the Butler Area School District;

   b. Defendant has acknowledged his responsibility and, most significantly for the victims herein, will make full restitution in the amount of $250,000.00. Defendant notes that the likelihood of restitution being recovered from any of his co-defendants is somewhat low as many of them have been sentenced to lengthy prison terms;

   c. Defendant did not originally enter the Conspiracy with the intention to engage in a long term scheme to defraud mortgage lenders. Defendant most certainly should have known better as Defendant has been in the business of buying, renting and selling rental properties for a number of years. Once Defendant was fully aware of the fraudulent nature of the closings, however, he willingly and knowingly continued to benefit from the Conspiracy as the mortgage industry at that time made it very easy to perpetuate fraud and Defendant wrongly convinced himself that no one was being victimized.

14. Turning to the second factor, Defendant respectfully submits that a sentence below the advisory guidelines will provide adequate deterrence. As noted above and in the Pre-Sentence Report, the instant matter is Defendant's only criminal conviction. Defendant is married with three children, Claudia, Anthony and Ava. He faces the prospect of serving a period of incarceration and being separated from his children for the first time in his and their lives. Defendant fully understands that there are consequences for his actions, but he urges this Court to consider the deterrent effect of a potential separation from his family.

15. For the same reasons enunciated in paragraphs 13 and 14 above Defendant submits that the facts and circumstances of this offense and the collateral consequences suffered by Defendant will most certainly protect the public from any future criminality. Since his arrest Defendant has not violated any conditions of pre-trial release and has not used any illegal substances.

15. Defendant does not require the educational or vocational opportunities offered by

the Bureau of Prisons. Defendant owns and maintains rental properties in Allegheny County and performs all maintenance and upkeep himself. Regardless of whether Defendant is sentencing to a period of incarceration he will utilize this skill set upon release to continue to support his family.

16. Additionally, Defendant presents for the Court's consideration the following statements submitted on his behalf, attached collectively as Exhibit A:

    a. Letters of Defendant's parents, Bernard and Carolyn Kamenski;

    b. Letter of Frank Snyder;

    c. Letter of Larry Crawford, Sheriff of Armstrong County; and

    d. Letter of Rev. Joseph Bonafed.

17. As the attached letters make clear, Defendant is highly regarded by friends and family as a dedicated family man and a kind and caring individual whose criminal conduct herein is truly out of character.

18. Defendant acknowledges that downward departures for family obligations are not favored under the Sentencing Guidelines, but nonetheless argues that the unique facts and circumstances of Defendant's life and family militate in his favor relative to a sentence below the advisory guidelines range.

19. Considering all of the foregoing, Defendant respectfully requests this Honorable Court sentence him to below the advisory guidelines range.

WHEREFORE, Defendant respectfully requests that this Honorable Court consider the sentencing factors set forth in 18 U.S.C. §3553 and sentence Defendant to a period of incarceration below the advisory sentencing guidelines of 21 – 27 months confinement.

                                                  Respectfully Submitted,

/s/Patrick K. Nightingale, Esquire
Patrick K. Nightingale, Esquire
PA ID# 76015
210 Grant Street, Suite 401
Pittsburgh, PA 15219